STATE v. HAMM.

---

STATE OF NORTH CAROLINA v. WILLIAM H. HAMM.

(Filed 19 June 1968.)

**Robbery § 5;　Criminal Law § 115—**

 In a prosecution for robbery the court must of its own motion submit the issue of defendant's guilt of assault when there is evidence to support such a finding, even though the State contends solely for conviction of robbery and the defendant contends solely for complete acquittal, and error in failing to so charge is not cured by a verdict convicting defendant of armed robbery as charged.

APPEAL by defendant from *Bailey, J.*, 27 November 1967 Session, DURHAM Superior Court.

Defendant was charged in a bill of indictment with the offense of armed robbery under G.S. 14-87. Upon arraignment the defendant pleaded not guilty, and was tried before a jury upon the charge contained in the bill of indictment.

The State's evidence tended to show that the prosecuting witness, Mr. James King, drove to a place in the city of Durham known as Shaw Markham's for the purpose of buying a beer; that the defendant was at Markham's when King arrived; that King purchased a beer for himself and also one for the defendant; that as King started to leave the defendant grabbed him by the collar, put a knife to his throat, and tried to take his wallet; that King pulled away from defendant and was going down the steps when defendant kicked him down the steps and onto the ground; that defendant jumped on King and cut his throat, but King pulled away again and started for his car; that defendant caught King at the car, held the knife to his throat and took his wallet containing about fifteen dollars; that defendant then told King to get out of there because he didn't like a white man anyway, and threatened him again with the

knife while he was trying to start his car; that King went directly to the police station and from there to the hospital.

The defendant's evidence tended to show that the defendant was at Shaw Markham's place with his wife and a large group of people when King came in; that King bought whiskey and beer; that defendant and another took a drink with King; that King whistled at defendant's wife and defendant remonstrated with him about his conduct; that as defendant's wife was leaving, King made a remark about her and defendant again remonstrated with him; that King made a smart remark to defendant and King pulled a knife from his pocket; that defendant grabbed King's hand and told him to turn the knife loose; that defendant also had a knife and that he may have cut King in the struggle; that if he cut him, he didn't mean to; that he did not take King's wallet or anything else from him.

From a verdict of guilty as charged, and judgment of imprisonment, the defendant appealed.

*T. W. Bruton, Attorney General by Harry W. McGalliard, Deputy Attorney General, for the State.*
*Standish S. Howe for defendant appellant.*

Brock, J.   The trial judge instructed the jury that it might return any one of three verdicts: *i.e.,* guilty of armed robbery, guilty of common law robbery, or not guilty. The defendant assigns as error that the trial judge failed to submit the case to the jury upon two additional possible verdicts of guilty of lesser degree offenses: *i.e.,* guilty of assault with a deadly weapon, or guilty of assault. The defendant does not argue that the trial judge should not have submitted the case to the jury upon the possible verdicts of guilty of armed robbery, and guilty of common law robbery; but he urges that in addition thereto he was entitled to have the possible verdicts of assault with a deadly weapon, and assault submitted to the jury.

The Attorney General concedes error in this respect, and we agree.

The trial judge correctly instructed the jury that it could return a verdict of guilty of armed robbery or common law robbery, or not guilty. These issues were raised by the evidence for the State. However, the two additional issues of assault with a deadly weapon, and assault, were raised by the defendant's evidence.

It may be that the State contended solely for conviction of armed robbery and the defendant contended solely for complete acquittal; nevertheless, when there is evidence from the State or the defendant tending to support a verdict of an included crime of less

degree than that charged, the trial judge must instruct the jury that it is permissible for them to reach such a verdict if it accords with their findings from the evidence. G.S. 15-169; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. Where there is evidence tending to show the commission of a lesser included offense, the court, of its own motion, should submit such offense to the jury for its determination. *State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582.

In this case the evidence was such that, depending upon what the jury found the facts to be, the jury might have returned a verdict of guilty of armed robbery, common law robbery, assault with a deadly weapon, simple assault, or not guilty. The fact that the jury found the defendant guilty of armed robbery as charged does not cure the error of the failure to submit the case with each of the alternative verdicts.

New trial.

MALLARD, C.J., and PARKER, J., concur.