STATE OF NORTH CAROLINA v. JOHNNY CLYDE ALLISON

No. 148

(Filed 15 December 1971)

Robbery § 5— armed robbery case — instruction on assault with a deadly weapon

> Where all of the State's evidence tended to show the armed robbery of another person of more than $900, and where all of defendant's evidence tended to show that he committed no crime, the trial court was not required to charge on the lesser offense of assault with a deadly weapon.

APPEAL by defendant from *Beal, J.,* 1 March 1971 Special Criminal Session of MECKLENBURG, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

Defendant, indicted under G.S. 14-87 (1969) for robbery with firearms, was found guilty as charged. As an indigent, he appeals a sentence of ten years.

Evidence for the State tended to show: On 23 October 1970, about 4:20 p.m., defendant and another man, went to the office of the Lefler Concrete Block Company in Charlotte and told Mr. R. E. Blayton, an employee, that they wanted a job. Blayton talked to them about ten minutes while the owner of the business, Mr. George F. Lefler, finished a phone call. When Mr. Lefler invited them into his office, both men drew pistols, and defendant said, "I ought to kill you damn two; I don't like you no how." Lefler asked defendant what he wanted and the reply was, " I want your money." Lefler gave him $100.00 from his pocket, and defendant took about $872.00 from the cash register. Apparently angered because Blayton had only $1.00

in his pocket, defendant "addled" him by a blow on the back of his head with the pistol. The two intruders then forced Lefler, Blayton, and another employee into the restroom and ordered them not to come out for five minutes. About two minutes after they heard the outer door slam the three men emerged and called the police.

At the trial both Lefler and Blayton positively identified defendant as the man who robbed Lefler and "pistol whipped" Blayton.

Defendant's evidence tended to show that he was not in the City of Charlotte on 23 October 1970, and that at the time Lefler was robbed he was at Barbara Scotia College "watching the boys and girls swim."

The judge charged the jury that they might return one of two verdicts, guilty as charged in the bill of indictment or not guilty.

*Attorney General Morgan; Assistant Attorney General Hensey for the State.*

*Edmond R. Johnson for defendant appellant.*

PER CURIAM.

Defendant brings forward only one assignment of error, that the trial judge erred in failing to submit to the jury the issue of defendant's guilt of an assault with a deadly weapon. This assignment is frivolous.

All the evidence for the State tended to show that defendant, armed with a pistol, threatened the life of Lefler and unlawfully took from him cash in excess of $900.00. All of defendant's evidence tended to show that he committed no crime. There was no evidence which would support a verdict of guilty of an assault with a deadly weapon, a lesser offense included within the crime charged. "The *presence* of such *evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547. *Accord, State v. Jacobs,* 277 N.C. 151, 176 S.E. 2d 744; *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481.

In the trial below we find

No error.