STATE OF NORTH CAROLINA v. BOBBIE GENE THOMAS

No. 725SC755

(Filed 20 December 1972)

Criminal Law § 106— corroboration of confession — proof of corpus delicti
    Though the State is required to establish the commission of a crime, the *corpus delicti*, by evidence apart from, or *aliunde*, the confession, there is no requirement that defendant be connected with the commission of the crime, the *corpus delicti*, in addition to, apart from, or *aliunde*, the connection contained in his confession.

APPEAL by defendant from *Wells, Judge,* 17 July 1972 Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a warrant with larceny of property of a value of less than $200.00, a misdemeanor. He was found guilty in District Court and appealed. Upon trial *de novo* by jury in Superior Court he was found guilty and judgment of confinement was entered. Defendant appealed.

The facts necessary for an understanding of this appeal are set out in the opinion.

*Attorney General Morgan, by Associate Attorney Byrd, for the State.*

*Charles E. Rice III for the defendant.*

BROCK, Judge.

The State's evidence tended to show the following: On 8 December 1971 a ten-wheel truck with storage bins around the bed was stored for the night within a fence enclosure. The individual storage bins on the truck were locked and the gate through the fence was locked. The truck and the equipment

stored thereon were the property of Harrison-Wright Company. During the night of 8 December 1971 two of the storage bins on the truck were broken into and tools valued at $179.00 were taken. On 19 December 1971 defendant confessed to climbing over the fence, breaking into the two storage bins, and taking the tools. Defendant admitted disposing of the tools by sales to persons unknown. Defendant offered no evidence.

Defendant admits that the commission of the crime, the *corpus delicti,* was established by evidence *aliunde* the confession by defendant. He also admits that defendant duly confessed that he committed the crime. However, defendant argues that he is entitled to a nonsuit because the State failed to connect defendant with the *corpus delicti* by evidence apart from defendant's confession. Defendant cites *State v. Thomas,* 241 N.C. 337, 85 S.E. 2d 300, and *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396, in support of his argument.

Defendant has completely misread the cases he cited. Both *Thomas* and *Whittemore* hold that an extrajudicial confession standing alone is not sufficient to warrant a conviction; the State is required to establish the commission of a crime, the *corpus delicti,* by evidence apart from, or *aliunde,* the confession. They also hold that full, direct, and positive evidence of the *corpus delicti* is not indispensable. There is no requirement that defendant be connected with the commission of the crime, the *corpus delicti,* in addition to, apart from, or *aliunde,* the connection contained in his confession. *See State v. Macon,* 6 N.C. App. 245, 170 S.E. 2d 144.

No error.

Chief Judge MALLARD and Judge BRITT concur.