STATE OF NORTH CAROLINA v. JAMES BENJAMIN DAVIS, JR.

No. 26

(Filed 4 November 1980)

**1. Robbery § 4.5– armed robbery – guilt as aider and abettor**

 The State's evidence was sufficient for the jury on the issue of defendant's guilt of armed robbery where it tended to show that the clerk of a convenience store was robbed by a black male who pointed a .38 caliber blue steel pistol at him and demanded money; the clerk gave the robber approximately $200, some of which was in change, including loose pennies in a bag;

State v. Davis

about the time of the robbery, a witness saw a white 1975 Lincoln Continental parked near the convenience store, saw a black male get out of the car and walk toward the store, and saw a second person sitting under the car's steering wheel; some two hours after the robbery, officers observed a white 1975 Lincoln Continental parked in a secluded area approximately a mile from the store; defendant and the person who robbed the store were asleep in the car, defendant being in the driver's seat and the other person being in the passenger seat; a loaded .38 caliber blue steel pistol was on the floor of the car at defendant's feet and a .22 caliber pistol was on the floor under the other person's legs; a paper bag containing $2.53 in pennies and $74 in currency was found on the front seat, $80 in currency was found on defendant's person, and $37 in one-dollar bills was found strewn over the front seat; and defendant was the registered owner of the Continental.

2. **Criminal Law § 9– principals in the first or second degree**

A person who actually commits an offense or who is present when another commits the offense and does some act in furtherance of the crime is a principal in the first degree, while a person who is actually or constructively present when the crime is committed and who aids or abets another in its commission is a principal in the second degree, and both are equally guilty.

3. **Criminal Law § 113.7– instructions on acting in concert and aiding and abetting**

The evidence in an armed robbery case warranted the court's instructions on acting in concert and aiding and abetting where it tended to show that defendant accompanied the actual perpetrator to the vicinity of the robbery of a convenience store; defendant sat under the steering wheel of the getaway car while the robbery was committed; defendant was acting in concert with the actual perpetrator pursuant to a common plan or purpose to rob the convenience store; and defendant provided the means by which the actual perpetrator got away from the scene upon completion of the robbery.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Bruce, J.*, 3 December 1979 Session of NEW HANOVER Superior Court.

By an indictment proper in form, defendant was charged in case no. 79CRS19808 with the armed robbery of Mark Carter Mattox. He was also charged with armed robbery in another case, No. 79CRS20586. He pled guilty in the latter case and not guilty in the Mattox case.

The jury found defendant guilty as charged. The court consolidated the two cases for purpose of judgment and imposed a life sentence.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General T. Buie Costen, for the state.*

*Jay D. Hockenbury for defendant-appellant.*

BRITT, Justice.

[1] Defendant first assigns as error the failure of the trial court to grant his motion for dismissal on the ground of insufficient evidence. We find no merit in this assignment.

The evidence presented by the state tended to show:

At approximately 11:00 p.m. on 13 September 1979, a black man, subsequently identified as Howard Cheers, entered a convenience store called the Country Store located on Highway 421 south of Wilmington, North Carolina. Cheers ponited a .38 caliber blue steel pistol at the clerk, Mark C. Mattox, and demanded money. The clerk gave Cheers approximately $200, some of which was in change, including "a whole bunch of loose pennies" in a bag. The robber then left the store and Mattox called the sheriff's department.

Around 10:58 p.m. on 13 September 1979, Debbie Rose was driving her car north on Highway 421. As she approached the Country Store, she slowed down; her first thought was to buy some gasoline at the store but she then decided to drive on to another place. As she passed the Country Store, she observed a white 1975 Lincoln Continental parked on the right-hand side of the road. She saw a black man get out of the car and walk toward the store. She also saw a second person sitting under the car's steering wheel. Ms. Rose then proceeded north on Highway 421 to another business establishment. Thereafter, she encountered a roadblock which had been set up by police and she told police what she had seen at the Country Store.

Around 11:00 p.m. on the night in question, Captain McQueen of the New Hanover County Sheriff's Department had occasion to be in the southern part of the county. As a result of a radio communication which he had received, he arranged for three roadblocks to be set up in the area, and he then went to the Country Store. There he talked with Mattox who told him about the robbery and gave him a description of the robber.

Thereafter, Captain McQueen began checking the area. At about 1:15 a.m., in the Seabreeze community approximately one mile from the Country Store, he observed a white 1975 Lincoln Continental bearing North Carolina license number PWN-881 parked in a secluded area. He and other officers approached the car and observed therein two black men

slumped over, apparently asleep. The police observed a .22 caliber pistol in the car and money strewn over its front seat.

The two men in the car were identified as defendant, who was seated in the driver's seat, and Howard Cheers, who was occupying the passenger seat. The two men were awakened and ordered out of the car. The .22 caliber pistol was located on the floor of the car under Cheers' legs and a .38 caliber blue steel loaded revolver was located on the floor of the car at defendant's feet. A paper bag containing $2.53 in pennies and $74 in currency was found on the seat between defendant and Cheers. Eighty dollars in currency was found on defendant's person and $37 in one-dollar bills was found on the seat.

The state introduced a certified record from the Commissioner of Motor Vehicles showing that defendant was the registered owner of the automobile in question.

Defendant offered no evidence.

[2] An armed robbery is defined as the taking of the personal property of another in his presence or from his person without his consent by endangering or threatening his life with a firearm, with the taker knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property. G.S. § 14-87; *State v. May*, 292 N.C. 644, 235 S.E. 2d 178, *cert. denied*, 434 U.S. 928 (1977). A person who actually commits the offense, or who is present when another commits the offense and does some act in furtherance of the crime, is a principal in the first degree. A person who is actually or constructively present when the crime is committed and who aids or abets another in its commission is a principal in the second degree. Both are equally guilty. *State v. Allison*, 200 N.C. 190, 156 S.E. 547 (1931).

When the evidence presented in the case at hand is considered in the light most favorable to the state, and the state is given every reasonable intendment thereon and every reasonable inference therefrom, as we are bound to do, *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969); 4 Strong's N.C. Index 3d, Criminal Law § 176, we hold that it was sufficient to withstand defendant's motion for directed verdict.

[3] By his second and third assignments of error, defendant contends the trial court committed prejudicial error in charg-

ing the jury on "acting in concert" and "aiding and abetting". These assignments have no merit.

Defendant does not challenge the legal principles of acting in concert and aiding and abetting as charged by the trial judge; he merely argues that the evidence did not warrant instructions on either principle and that he was prejudiced thereby.

In the recent case of *State v. Joyner*, 297 N.C. 349, 356, 255 S.E. 2d 390 (1979), Justice Exum, speaking for this court, defined "acting in concert" as follows: "To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose."

In *State v. Price*, 280 N.C. 154, 158, 184 S.E. 2d 866 (1971), this court, speaking through Justice Lake, described an aider and abettor in an armed robbery case as follows:

> ... One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741; *State v. Sellers*, 266 N.C. 734, 147 S.E. 2d 225. ...

Quoted with approval in *State v. Beach*, 283 N.C. 261, 267, 196 S.E. 2d 214 (1973).

In the very recent case of *State v. Williams*, 299 N.C. 652, 656, 263 S.E. 2d 774 (1980), Justice Carlton, speaking for this court, said: "The distinction between aiding and abetting and acting in concert, however, is of little significance. Both are equally guilty, *see, e.g., State v. Allison*, 200 N.C. at 195, 156 S.E. 2d at 550; *State v. Powell*, 168 N.C. 134, 83 S.E. 310 (1914), and are equally punishable."

While the difference between acting in concert and aiding and abetting is of little significance, we hold that the evidence in this case warranted jury instructions on both principles,

particularly on the principle of aiding and abetting. The evidence was sufficient to support a jury finding that defendant was the person under the steering wheel of the car at the time the robbery was committed; that he was acting in harmony with Cheers pursuant to a common plan or purpose to rob the Country Store; and that he accompanied Cheers, the actual perpetrator, to the vicinity of the offense and provided a means by which Cheers got away from the scene upon the completion of the offense.

In defendant's trial and the judgment entered, we find

No error.

Justice BROCK took no part in the consideration or decision of this case.