State v. Oxendine

## VI

STATE OF NORTH CAROLINA v. TONY LEE OXENDINE AND EDDIE LEE OXENDINE, JR.

No. 8216SC1266

(Filed 18 October 1983)

**Arson and Other Burnings § 4.1— burning a barn—sufficiency of evidence**
The evidence was sufficient to support a conviction of burning a barn in violation of G.S. 14-62 where the evidence tended to show that defendants went upon the property involved to steal a radio, and that they broke into the dwelling house near the barn to obtain some of the implements to set the fires, and that the fires were set in more than one location on the property.

APPEAL by defendants from *Lane, Judge.* Judgment entered 9 June 1982 in the Superior Court, ROBESON County. Heard in the Court of Appeals 20 September 1983.

Defendants were charged in a true bill of indictment with burning a barn owned by the Charles R. Tolar estate in violation of G.S. 14-62. Upon a jury's verdict of guilty, the trial judge imposed an active sentence. Defendants appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Assistant Appellate Defender Lorinzo L. Joyner for defendant appellant Tony Lee Oxendine. Ertle Knox Chavis for defendant appellant Eddie Lee Oxendine, Jr.*

HILL, Judge.

The question dispositive of this appeal is whether the trial court erred in denying defendants' motion to dismiss the charge at the close of all the evidence. We conclude that there was sufficient evidence for a jury to find beyond a reasonable doubt that the defendants wantonly and willfully set fire to a barn, and therefore, we affirm the trial court's judgment.

Of the three defendants below, Tony, Eddie, and Larry Oxendine, only Tony and Eddie have appealed their respective convictions. Defendants were charged with wantonly and willfully burning a barn belonging to the estate of Charles Tolar in violation of G.S. 14-62. At trial the State's evidence tended to show:

On the afternoon of 18 January 1982, Mrs. Evelyn Tolar and some friends were cleaning up a house on the Tolar property so tenants could soon move in. They used stick brooms to sweep out the house. The property consisted of a house, a barn, a packhouse, and two other buildings. After completing their task and securing the house, the laborers departed. Later that evening, Mrs. Tolar returned to the house and noticed a light down by the barn. She and a neighbor returned to the property. The barn was in flames and was subsequently destroyed. A small fire occupied the packhouse which the neighbor was able to extinguish. The dwelling house smelled of smoke and throughout it there were slightly burned areas with trails of ashes. A window screen on the house had been cut, a window raised, and the back door stood open. Charred stick brooms were found in the vicinity of the burned buildings.

On the day before the fire, Randy Oxendine and the defendants walked through the Tolar property, passing by the barn. Eddie looked in the barn and said there was a radio inside that he was going to get. On the day of the fire, Eddie said the defendants were going to get a radio at a house "where there were some pecan trees." Pecan trees are prevalent on the Tolar property.

From a store nearby the Tolar property, Randy Oxendine could see the fire burning. When the defendants came up to the store, he asked them who had set the fire. Eddie said that Larry

had thrown a broom that was on fire at a bird in the barn. Larry later said that he, Eddie, and Tony had set the barn on fire.

The defendants put on no evidence.

Defendant Eddie Oxendine appealed his conviction, but his counsel declares that he diligently reviewed the record and found no "legitimate assignment of error." Because there are no arguments presented in defendant's brief, his appeal is deemed abandoned.

Defendant Tony Oxendine contends that there was not sufficient evidence for a jury to find beyond a reasonable doubt that the defendants intentionally, or willfully and wantonly set fire to the barn. The statute under which defendants were charged, G.S. 14-62, prohibits "wantonly and willfully set[ting] fire to . . . any uninhabited house, any church, chapel, or meetinghouse, or any stable, coach house, outhouse, warehouse, office, shop, mill, barn or granary . . . ." The indictment charged the defendants with wanton and willful burning. Thus, the intent which the State is required to prove is that the barn was burned willfully and wantonly.

"Willfulness" means the wrongful doing of an act without justification or excuse. *State v. Arnold*, 264 N.C. 348, 141 S.E. 2d 473 (1965); *State v. Williams*, 284 N.C. 67, 199 S.E. 2d 409 (1973). "Wantonness" means the doing of an act in conscious and intentional disregard of and indifference to the rights and safety of others. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956). "The attempt to draw a sharp line between a 'wilful' act and a 'wanton' act . . . would be futile. The elements of each are substantially the same." *State v. Williams, supra*, 284 N.C. at 73, 199 S.E. 2d at 412.

Defendants challenge the sufficiency of the evidence on this element of the crime, assigning as error the trial court's denial of the motion to dismiss the charge at the close of all the evidence. The evidence will withstand a motion to dismiss if there is substantial evidence of all essential elements of the offense. *E.g., State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981); *State v. Brackett*, 306 N.C. 138, 291 S.E. 2d 660 (1982). In determining sufficiency of the evidence, all the evidence must be viewed in the light most favorable to the State, and "the State is entitled to

every reasonable intendment and every reasonable inference to be drawn therefrom." *State v. Powell,* 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980).

Considering the evidence in the light most favorable to the State, there is substantial evidence of willfulness and wantonness. The evidence indicates that the defendants went upon the property to steal a radio, and that they broke into the dwelling house to obtain some of the implements used to set the fires. The fires were set in more than one location on the Tolar property. Such conduct connotes intentional wrongdoing in conscious disregard of and indifference to the rights and safety of the property owner. Thus, willfulness and wantonness is shown; the conviction of the defendants should be sustained.

Defendant Tony Oxendine next contends there is insufficient evidence identifying him as a perpetrator of the offenses charged. This contention is meritless. All the evidence tends to show that each defendant was a willing participant in a common scheme acting jointly until its completion. Thus, the defendants are jointly accountable regardless of which defendant actually did what act. *See State v. Davis,* 301 N.C. 394, 271 S.E. 2d 263 (1981).

For the reasons stated above we conclude that the trial court properly denied defendant's motion to dismiss the charge at the close of all the evidence. The judgment of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.