STATE OF NORTH CAROLINA v. RAYFIELD TAYLOR

No. 8520SC1229

(Filed 6 May 1986)

1. **Constitutional Law § 40— counsel on appeal—compliance with Anders v. California**

Defendant's counsel satisfied the requirements of *Anders v. California*, 386 U.S. 738, in a prosecution for robbery with a dangerous weapon by submitting a statement that he had found no error but that the case was submitted for the court's review; sending defendant a copy of the record, brief and transcript; informing defendant of his right to file written arguments on his own behalf; and providing defendant with the address of the Clerk of the Court of Appeals.

2. **Robbery § 4.5— armed robbery—evidence sufficient**

There was sufficient evidence to convict defendant of robbery with a dangerous weapon where there was substantial evidence that Norbert Melton committed each essential element of the offense and that defendant aided Melton by purchasing a ski mask used to conceal Melton's identity, by accompanying Melton to the vicinity of the robbery, and by remaining sufficiently close to render assistance to Melton in making his escape.

3. **Robbery § 5.2— armed robbery—instructions sufficient**

In a prosecution for robbery with a dangerous weapon, the trial court adequately and correctly explained to the jury the necessary elements which the State was required to prove beyond a reasonable doubt and the instructions complied with N.C.G.S. 15A-1232. N.C. Rules of App. Procedure Rule 10(b)(2).

APPEAL by defendant from *Freeman, Judge.* Judgment entered 26 August 1985 in Superior Court, STANLY County. Heard in the Court of Appeals 9 April 1986.

Defendant was tried upon a bill of indictment charging him with robbery with a dangerous weapon. The jury returned a ver-

State v. Taylor

dict of guilty and the defendant was sentenced to imprisonment for a term of fourteen years as a committed youthful offender pursuant to G.S. Chapter 148, Article 3B. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Charles B. Lefler, Jr. for defendant appellant.*

MARTIN, Judge.

[1]  In the record on appeal, filed in this Court on 12 November 1985, defendant's counsel made three assignments of error: (1) the denial of defendant's motions to dismiss made at the close of the State's evidence and at the close of all the evidence; (2) the trial court's jury instructions; and (3) the denial of the defendant's post-verdict motions. In the brief, filed by defendant's counsel on 3 January 1986, each of the foregoing assignments of error was presented for our review, but no argument was made in support thereof. Instead, counsel made the following statement:

> Counsel for Defendant-Appellant has made a thorough and complete examination of the record in this case, and has made what he believes to be a thorough and complete research of the law applicable in this case, and having done so, can find no error. Counsel presents this case to the Court so that in its discretion the Court can review the record to determine if prejudicial error was made.

The record before us discloses that on 16 January 1986, defendant's counsel wrote a letter to defendant advising him that, in the opinion of counsel, no prejudicial error occurred at his trial. Counsel transmitted a copy of the record on appeal, a copy of the brief, and a copy of the transcript; informed defendant of his right to file written arguments in his own behalf; and provided him with the address of the Clerk of this Court. Defendant has filed nothing with this Court. We hold that defendant's counsel has satisfied the requirements imposed upon him by *Anders v. California,* 386 U.S. 738, 18 L.Ed. 2d 493, 87 S.Ct. 1396, *reh'g denied,* 388 U.S. 924, 18 L.Ed. 2d 1377, 87 S.Ct. 2094 (1967). *See State v. Kinch,* 314 N.C. 99, 331 S.E. 2d 665 (1985). In order for this Court to fulfill the duty imposed upon us by *Anders,* we must examine the record before us to determine whether any of the

legal issues raised in the brief or appearing from the record have possible merit or whether the appeal is wholly frivolous.

[2]    At trial, the State offered evidence tending to show that on the evening of 28 January 1985, Norbert Melton went to Smith's Food Store in Aquadale, North Carolina, pointed a sawed-off shotgun at an employee of the store, Sylvia McIntyre, and demanded that she give him the money from the cash drawer. She complied, giving him approximately $1,900.00. Ms. McIntyre recognized Melton even though he was wearing a ski mask. On 13 February 1985, Detective Conner of the Stanly County Sheriff's Department interviewed the defendant concerning the robbery. After signing a "Waiver of Rights" form, defendant made a statement in which he related that on 28 January 1985, he, Melton and Taris Colson were at Colson's house when Melton suggested that they rob a store. Shortly thereafter, Colson got a sawed-off shotgun from his bedroom and handed it out of a bathroom window to Melton. The three young men then got into Colson's automobile and drove to a store, where defendant bought a ski mask with money provided by Melton. They then drove to Smith's Food Store in Aquadale and let Melton, who was wearing the ski mask and armed with the shotgun, out of the car. Colson told Melton where they would pick him up after the robbery. Colson and defendant drove to the pre-arranged pickup point and waited; a few minutes later Melton ran to the car and got in. He had a paper bag containing money. Defendant did not get any of the money.

Defendant testified in his own behalf. He denied being with Melton or Colson on 28 January 1985 and denied involvement, in any respect, in the robbery. He admitted making the statement to Det. Conners, but asserted that he had "just made it all up" from ideas and suggestions provided by the officer.

The first and third assignments of error, as set forth in the record on appeal and stated in the brief, challenge the sufficiency of the evidence to sustain defendant's conviction of robbery with a dangerous weapon. Evidence is sufficient to sustain a conviction if, when viewed in the light most favorable to the State, there is substantial evidence to support each element of the offense. *State v. Greer*, 308 N.C. 515, 302 S.E. 2d 774 (1983). "*Substantial evidence* is such relevant evidence as a reasonable mind might ac-

cept as adequate to support a conclusion." *Id.* at 519, 302 S.E. 2d at 777, *quoting State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). In the present case, there is substantial evidence that Norbert Melton committed each essential element of the offense of robbery with a dangerous weapon. There is also substantial evidence, when viewed in the light most favorable to the State, that defendant aided Melton in the commission of the armed robbery by purchasing a ski mask used to conceal Melton's identity and by accompanying Melton to the vicinity of the robbery and remaining sufficiently close to the scene to render assistance to Melton in making the escape after commission of the offense. As such, the evidence was sufficient to support the defendant's conviction as an aider and abettor. *See State v. Davis*, 301 N.C. 394, 271 S.E. 2d 263 (1980). The State having established the commission of the robbery, the *corpus delicti*, by independent evidence, the defendant's inculpatory statement is sufficient, standing alone, to constitute substantial evidence of his connection to the robbery. *State v. Thomas*, 17 N.C. App. 152, 193 S.E. 2d 297 (1972). We hold the first and third assignments of error to be of such inconsiderable merit as to be "wholly frivolous." *See State v. Kinch, supra.*

[3] The second assignment of error challenges unspecified portions of the trial court's instructions to the jury. We note that no objection was made at trial to the court's instructions; therefore, defendant is precluded from assigning error thereto, Rule 10(b)(2), N.C.R. App. Proc.; *State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982). Nevertheless, in view of the requirements of *Anders*, we have carefully reviewed the charge in its entirety to determine if the court committed "plain error" therein. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). We conclude that the court adequately and correctly explained to the jury the necessary elements which the State was required to prove beyond a reasonable doubt in order to prove the defendant's guilt, and that the instructions complied with the provisions of G.S. 15A-1232 (amended 1985 Session Laws, Chap. 537, sec. 1, effective 1 July 1985). The assignment of error is wholly frivolous.

We have examined the entire record, including the court's ruling regarding the admissibility of defendant's inculpatory statement. We find that no issues of arguable merit have been presented or appear from the record, and conclude that the ap-

peal is wholly frivolous. *Anders v. California, supra.* Having so concluded, we proceed to hold that, in the defendant's trial, there is no error. *Id.*

No error.

Chief Judge HEDRICK and Judge WELLS concur.