STATE OF NORTH CAROLINA v. DARRYL HEWETT

No. 8713SC415

(Filed 20 October 1987)

1. **Robbery § 4.3— armed robbery—sufficiency of evidence**
    Evidence was sufficient to convict defendant of armed robbery where it tended to show that during the course of robbing a taxi driver of his money, watch, and gold ring, defendant pointed a loaded pistol at the victim's head and threatened to use it and did the same thing with a shotgun.

2. **Robbery § 5.4— armed robbery—instructions on lesser offenses not required**
    The trial court in an armed robbery prosecution was not required to instruct on lesser included offenses where the State's evidence tended to show only that defendant robbed with a firearm; defendant's evidence tended to show only that when the crime was committed, he was elsewhere playing basketball; and there was no evidence that defendant was guilty either of assault with a deadly weapon or of simple assault.

3. **Robbery § 3— armed robbery—loaded gun—evidence not prejudicial**
    The trial court in a prosecution for armed robbery did not err in failing to strike testimony of defendant's accomplice that a shotgun defendant used in the robbery was loaded because the accomplice admittedly did not see it loaded, since the testimony, even if erroneously received, was harmless.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 18 December 1986 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 30 September 1987.

*Attorney General Thornburg, by Assistant Attorney General Robert E. Cansler, for the State.*

*Fairley, Jess & Isenberg, by William F. Fairley, for defendant appellant.*

PHILLIPS, Judge.

In appealing from his conviction of armed robbery defendant contends that the court erred in three respects: In not dismissing the indictment because the evidence was insufficient to convict; in not charging the jury on the lesser included offenses of assault with a deadly weapon and simple assault; and in not striking the testimony of his accomplice, Galloway, that a shotgun defendant used in the robbery was loaded, because Galloway admittedly did not see it loaded. None of these contentions has merit and we overrule them.

[1-3]  *First,* the State's evidence, clearly sufficient to meet the requirements of G.S. 14-87(a) as interpreted by our Supreme Court in *State v. Davis,* 301 N.C. 394, 271 S.E. 2d 263 (1980) and many other cases, tends to show, in brief, that during the course of robbing a Shallotte taxi driver of his money, watch and gold ring, defendant pointed a loaded pistol at the victim's head and threatened to use it and did the same thing with a shotgun. *Second,* the trial judge was not required to charge on the lesser included offenses because our Supreme Court has held many, many times that a lesser included offense need not be charged on unless there is evidence that the lesser included offense was committed, e.g. *State v. Allison,* 280 N.C. 175, 184 S.E. 2d 857 (1971), and in this case there was no evidence that defendant was guilty of either assault with a deadly weapon or simple assault. For the State's evidence tended to show only that defendant robbed with a firearm, and defendant's evidence tended to show only that when the crime was committed he was elsewhere playing basketball. And, *finally,* Galloway's testimony that the shotgun was loaded, even if erroneously received, was harmless. Contrary to defendant's argument, striking the testimony would not establish either that the shotgun was unloaded or that the State did not prove that the victim's life was endangered or threatened by the use of a firearm or other dangerous weapon, as G.S. 14-87(a) requires. Because there was no evidence that the shotgun was not loaded, only that the witness did not see it loaded; there was evidence that defendant used a loaded pistol in accomplishing the robbery; under the circumstances the State was not required to prove that either firearm was loaded in any event. For our law is that when the evidence shows that a firearm, or what appeared to be a firearm, was used in accomplishing a robbery and, as in this case,

State v. Hewett

there is no evidence that the firearm was incapable of endangering or threatening the victim's life, the jury may infer, if it is not required to find, that the victim's life was endangered or threatened by the weapon. *State v. Joyner*, 312 N.C. 779, 324 S.E. 2d 841 (1985).

No error.

Judges COZORT and GREENE concur.