**STATE v. PATTERSON**

[182 N.C. App. 102 (2007)]

STATE OF NORTH CAROLINA v. JASON PAUL PATTERSON, Defendant

No. COA06-581

(Filed 6 March 2007)

## 1. Robbery— dangerous weapon—sufficiency of indictment

An indictment for armed robbery was not fatally defective because it failed to allege that the victim did not consent to the taking, that defendant knew he was not entitled to the property, and that defendant intended to permanently deprive the victim of the property because: (1) the indictment set forth the three elements of armed robbery specified in *State v. Hope*, 317 N.C. 302 (1986); and (2) the elements identified as missing by defendant are implied by the use of language such as that used in this indictment.

## 2. Robbery— dangerous weapon—taking—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon based on alleged insufficient evidence of the taking element, because: (1) a jury could reasonably conclude the victim's purse was no longer under her protection but had been relinquished by her; (2) a jury could reasonably find that defendant had personally exercised complete control over the purse, even if only for a brief moment; and (3) the proximity of the victim to her purse cannot negate a reasonable inference that defendant's actions were sufficient to bring the purse under his control.

## 3. Evidence— testimony—relevancy

The trial court did not commit plain error in a robbery with a dangerous weapon case by allegedly allowing the prosecutor to elicit irrelevant testimony from the victim regarding the recent death of the victim's daughter and the fact that she was very close to her young motherless grandchildren, because: (1) given the victim's description of the events, defendant's own in-court admissions that he went to the mall to commit robbery, defendant's essential corroboration of the victim's version of events, and the discovery of a loaded gun at defendant's residence and a box of ammunition in the truck defendant used for the robbery, the jury would not have reached a different verdict had the disputed testimony been excluded; and (2) given the context of the entire

**STATE v. PATTERSON**

[182 N.C. App. 102 (2007)]

trial, the testimony about the victim's daughter did not make it more likely that the jury would find otherwise.

Appeal by defendant from judgment entered 7 September 2005 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 7 December 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Karen E. Long, for the State.*

*Jeffrey Evan Noecker for defendant-appellant.*

GEER, Judge.

Defendant Jason Paul Patterson appeals from his conviction for robbery with a dangerous weapon. Defendant argues (1) that the indictment was fatally defective, (2) that there was insufficient evidence to support the robbery charge, and (3) that his trial was prejudiced by the prosecutor's eliciting testimony that only served to evoke sympathy for the robbery victim. We find each of these arguments unpersuasive and, as a result, conclude that defendant received a trial free of prejudicial error.

### Facts

The State's evidence tended to show the following facts. On the evening of 22 March 2005, at about 6:00 p.m., Marjorie Catchum was walking through the rain to her car in the parking lot of a Wilmington shopping mall. After Ms. Catchum unlocked her car and as she was pulling her umbrella into the car, defendant approached her. Defendant pressed a handgun into Ms. Catchum's stomach and, reaching over her, grabbed her purse from the passenger seat. When Ms. Catchum told defendant that the purse had very little money in it, defendant replied that she "better be telling the truth" and threw the purse back onto the seat. Defendant then returned the gun to his belt, told Ms. Catchum "I'm not going to hurt you," and fled the scene.

After defendant had left, Ms. Catchum used her cell phone to dial 911. The police had her watch a security video, and she identified a man on the video as the robber. The following day, Wilmington police officers spotted a truck on the 4500 block of Lex Road matching the description of a truck that was also identified on the same security video. An officer looked inside the truck and noticed a box of ammunition. After additional officers arrived at the scene and verified that the truck was the one associated with the robbery, the officers

knocked on the door of the residence where the truck was parked and identified themselves as police officers.

Although the officers could hear noise and see lights within the house, nobody answered until the police began to tow away the truck. At that point, a woman emerged, and she then persuaded defendant to also leave the residence. A detective went inside the residence and seized a loaded handgun, as well as clothing that was consistent with the description of the clothing that the robber wore.

Defendant was indicted on one count of robbery with a dangerous weapon. At trial, defendant testified in his own defense. Because of "financial difficulties," defendant said his "intent was to go [to the mall] and rob somebody." Defendant also read aloud a handwritten statement he had provided to the police in which he described the events in the mall parking lot. Although he claimed in his statement that the gun was unloaded during the encounter, he admitted that he told Ms. Catchum that he "wanted money" and that he "reached for her purse."

The jury returned a verdict finding defendant guilty of robbery with a dangerous weapon. On 7 September 2005, the superior court sentenced defendant to a term of 62 to 84 months imprisonment. Defendant gave timely notice of appeal.

I

[1] Defendant first argues that the indictment in this case was fatally defective because it failed to allege all of the essential elements of armed robbery. The law is settled that "[i]n charging a criminal offense, an indictment must state the elements of the offense with sufficient detail to put the defendant on notice as to the nature of the crime charged and to bar subsequent prosecution for the same offense . . . ." *State v. Poole*, 154 N.C. App. 419, 422, 572 S.E.2d 433, 436 (2002), *cert. denied*, 356 N.C. 689, 578 S.E.2d 589 (2003).

Our Supreme Court has held that, under N.C. Gen. Stat. § 14-87(a) (2005), "armed robbery is: '(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.' " *State v. Hope*, 317 N.C. 302, 305, 345 S.E.2d 361, 363 (1986) (quoting *State v. Beaty*, 306 N.C. 491, 496, 293 S.E.2d 760, 764 (1982), *overruled on other grounds by State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988)); *see also State v. Hines*, 166 N.C. App. 202, 205, 600

S.E.2d 891, 894 (2004) (reciting same three elements). The challenged indictment reads:

> [T]he defendant named above unlawfully, willfully and feloniously did to [sic] steal, take and carry away another's personal property, to wit: A WOMEN'S PURSE AND CONTENTS, from the person and presence of MAJORIE KETCHUM [sic]. The defendant committed this act by means of an assault, consisting of having in his possession and/or threatening the use of a deadly weapon to wit: A Handgun, whereby the life of MAJORIE KETCHUM [sic] was threatened and endangered.

The indictment thus set forth all of the elements of armed robbery specified in *Hope* and was, therefore, sufficient.

Relying on *State v. Davis*, 301 N.C. 394, 397, 271 S.E.2d 263, 264 (1980), a case that predates *Hope*, defendant nonetheless argues that armed robbery has in fact seven elements and that the indictment at issue omitted three of the seven elements. *See id.* (noting that armed robbery is "the taking of the personal property of another in his presence or from his person without his consent by endangering or threatening his life with a firearm, with the taker knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property"). Specifically, defendant contends that the indictment failed to allege: (1) that Ms. Catchum did not consent to the taking; (2) that defendant knew he was not entitled to the property; and (3) that defendant intended to permanently deprive Ms. Catchum of the property.

We note that *Davis* did not involve a challenge to the sufficiency of an indictment, but addressed whether the State's evidence was sufficient to withstand a defendant's motion for a directed verdict. A review of *Davis*, *Hope*, and other pertinent cases reveals that our courts consider the more detailed language of *Davis* to be subsumed within the three elements specifically articulated in *Hope*. Thus, in *State v. Fleming*, 148 N.C. App. 16, 20, 557 S.E.2d 560, 563 (2001), this Court first set out the *Davis* description of armed robbery and then described the elements of that crime in accordance with *Hope*:

> Under G.S. 14-87, an armed robbery is defined as the nonconsensual taking of the personal property of another in his presence or from his person by endangering or threatening his life with a firearm or other deadly weapon, with the taker knowing that he is not entitled to the property and intending to permanently

deprive the owner thereof. To sustain a conviction of robbery under N.C. Gen. Stat. § 14-87, the State must prove (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim.

(internal quotation marks and citations omitted).

Significantly, defendant cites no case finding an indictment to be insufficient for failure to include the allegations described here by defendant. Indeed, to the contrary, our courts have held that the elements identified as "missing" by defendant are implied by the use of language such as that used in this indictment. *See State v. Young*, 54 N.C. App. 366, 370, 283 S.E.2d 812, 815 (1981) ("It is not required that an indictment charging the felonious taking of goods from the person of another by the use of force aver that the taking was with the intent to convert the personal property to the defendant's own use . . . ."), *aff'd*, 305 N.C. 391, 289 S.E.2d 374 (1982); *State v. Pennell*, 54 N.C. App. 252, 260, 283 S.E.2d 397, 402 (1981) (noting "that the language in the indictment, that the defendant 'unlawfully and wilfully did feloniously break and enter a building of Forsyth Technical Institute, belonging to the Board of Trustees,' *implies that defendant did not have the consent* of the Board of Trustees" (emphasis added)), *disc. review denied*, 304 N.C. 732, 288 S.E.2d 804 (1982); *cf. State v. Osborne*, 149 N.C. App. 235, 244-45, 562 S.E.2d 528, 535 (upholding larceny indictment even though "it failed to specifically allege that defendant did not have consent to take the property, nor that defendant had the intent to permanently deprive [victim] of his property"), *aff'd per curiam*, 356 N.C. 424, 571 S.E.2d 584 (2002).

In short, the indictment at issue alleged each of the essential elements of armed robbery as established by the Supreme Court in *Hope*. The indictment, therefore, was sufficient.

II

**[2]** Defendant also argues that the trial court erred in denying his motion to dismiss, asserting that the State failed to present sufficient evidence to support the "taking" element of armed robbery.[1] When considering a motion to dismiss, a court must determine if the State

---

1. The parties do not address the possibility of an attempted taking. *See* N.C. Gen. Stat. § 14-87(a) (specifying that robbery with a firearm has occurred when a defendant "unlawfully takes or attempts to take personal property from another").

STATE v. PATTERSON

[182 N.C. App. 102 (2007)]

has presented substantial evidence of the essential elements of the offense. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). " 'Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion.' " *Id.* (quoting *State v. Parker*, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162, 122 S. Ct. 2332 (2002)). In determining whether there is substantial evidence of the essential elements, " 'the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence.' " *Id.*, 561 S.E.2d at 256 (quoting *Parker*, 354 N.C. at 278, 553 S.E.2d at 894).

For purposes of robbery, a "taking" has occurred when "the thief succeeds in removing the stolen property from the victim's possession." *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986). Defendant suggests that the victim "never lost the power to control the disposition or use of her purse" because she remained at all times within arm's reach of the purse. This argument disregards the existence of the gun pressed into Ms. Catchum's stomach.

We have recognized, in the robbery context, that "[p]roperty is in the legal possession of a person if it is under the protection of that person." *State v. Bellamy*, 159 N.C. App. 143, 149, 582 S.E.2d 663, 668, *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003). Defendant's contention—that he had not taken possession of the purse away from Ms. Catchum because she had the ability to disregard the presence of the gun and regain possession of the purse—is untenable.

Based on the evidence, a jury could reasonably conclude that Ms. Catchum's purse was no longer under her "protection," but had been relinquished by her. Further, a jury could reasonably find that defendant had personally exercised complete control over the purse, even if only for a brief moment. *See State v. Brooks*, 72 N.C. App. 254, 261-62, 324 S.E.2d 854, 859 (in context of common law robbery, finding that a taking occurred when defendant's accomplice grabbed garment containing wallet, notwithstanding victim's subsequent struggle to reclaim garment), *disc. review denied*, 313 N.C. 331, 327 S.E.2d 901 (1985). Under the circumstances of this case, the proximity of Ms. Catchum to her purse cannot negate a reasonable inference that defendant's actions were sufficient to bring the purse under his sole control. This assignment of error is overruled.

III

**[3]** In defendant's final argument on appeal, he contends that the trial court erred by allowing the prosecutor to elicit irrelevant testimony from the victim. During the prosecutor's direct examination, Ms. Catchum testified that her daughter had recently passed away and that she is very close to her young, motherless grandchildren. Defendant maintains that this testimony "swung the balance toward a conviction" by portraying Ms. Catchum as a victim worthy of pity while casting defendant in a negative light.

Defendant concedes that defense counsel failed to object at trial to the admission of this testimony. As a result, his argument is entitled to appellate review only under a "plain error" standard. *See* N.C.R. App. P. 10(c)(4) ("a question which was not preserved by objection noted at trial . . . may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error"). "The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial court amounts to 'plain error,' the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986).

Given (1) Ms. Catchum's description of the events, (2) defendant's own in-court admissions that he went to the mall to commit a robbery, (3) defendant's essential corroboration of Ms. Catchum's version of the events, and (4) the discovery of a loaded gun at defendant's residence and a box of ammunition in the truck defendant used for the robbery, we are not convinced that the jury would have reached a different verdict had the disputed testimony been excluded. Defendant's primary argument was that his gun was unloaded. We do not believe, given the context of the entire trial, that testimony about Ms. Catchum's daughter made it more likely that the jury would find otherwise. *See State v. Rick*, 54 N.C. App. 104, 106, 282 S.E.2d 497, 499 (1981) (finding, in light of the State's evidence and defendant's failure to counter that evidence, harmless error with respect to the admission of the victim's testimony, in an attempted rape case, that she had previously suffered breast cancer and now had bone cancer). This assignment of error is, therefore, overruled.

No error.

Judges LEVINSON and JACKSON concur.