### STATE v. EDWIN WENRICH AND RAMON BUJAN.

(Filed 16 December, 1959.)

**1. Criminal Law § 109:    Robbery § 3—**

> In a prosecution for robbery with firearms or other dangerous weapon it is error for the court to fail to submit to the jury the question of defendant's guilt of the lesser offenses of common law robbery, assault with a deadly weapon on simple assault when there is testimony tending to show defendant's guilt of these lesser offenses.

APPEAL by defendants from *Burgwyn, E. J.,* July 1959 Criminal Term, of MECKLENBURG.

Defendants were tried upon a bill of indictment charging them with the violation of G.S. 14-87, entitled "Robbery with firearms or other dangerous weapons." The jury returned a verdict of "Guilty of Armed Robbery" as to each defendant.

From judgment imposing prison sentences both defendants appealed and assigned errors.

*Attorney General Seawell and Assistant Attorney General Hooper for the State.*
*Llewellyn & McKenzie for defendants, appellants.*

PER CURIAM.    In effect the trial judge instructed the jury that, as to each defendant, it should return one of two verdicts, guilty as charged in the bill of indictment or not guilty. ". . . (I)n a prosecution for robbery with firearms, (or other dangerous weapons) an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial." (Parentheses ours.) *State v. Bell,* 228 N.C. 659, 663, 46 S.E. 2d 834. But the court should not submit to the jury an included lesser crime where there is no testimony tending to show that such lesser offense was committed. But where there is evidence tending to show the commission of a lesser offense the court, of its own motion, should submit such offense to the jury for its determination. *State v. Holt,* 192 N.C. 490, 493, 135 S.E. 324.

In the instant case the evidence was such that the jury might have returned a verdict of common law robbery, assault with a deadly weapon or simple assault. There was error in the failure to so instruct the jury.

New trial.