STATE OF NORTH CAROLINA v. JAMES C. FLETCHER

No. 7520SC574

(Filed 3 December 1975)

**Criminal Law § 26; Robbery § 6— armed robbery — assault with deadly weapon — conviction of both offenses — arrest of assault judgment**

Defendant could not be convicted of armed robbery and the lesser included offense of assault with a deadly weapon where both offenses arose out of the same act or occurrence, and judgment on the charge of assault with a deadly weapon must be arrested.

APPEAL by defendant from *Long, Judge.* Judgment entered 9 April 1975 in Superior Court, RICHMOND County. Heard in the Court of Appeals 21 October 1975.

Defendant was tried upon a bill of indictment charging him with the felony of assault with a deadly weapon with intent to kill resulting in serious bodily injuries not resulting in death and with armed robbery. Both charges arose out of the same occurrence. Defendant entered a plea of not guilty to each charge. The cases were consolidated for trial, and the jury returned as its verdict guilty of assault with a deadly weapon and guilty of armed robbery. From judgment imposing a prison sentence in each case, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Sandra M. King, for the State.*

*Leath, Bynum, Kitchin & Neal, by Henry L. Kitchin, for defendant appellant.*

MARTIN, Judge.

We have carefully reviewed the assignments of error brought forward and argued by defendant in Case No. 75CR0304

Telephone Co. v. Communications, Inc.

(armed robbery) and find them to be without merit. The defendant was afforded a fair trial free from prejudicial error.

Although defendant has not raised the question, an ·error in Case No. 75CR0302 (assault with a deadly weapon) appears on the face of the record proper and, on our own motion, we arrest judgment in that case. The defendant was convicted of armed robbery and assault with a deadly weapon. Since both offenses of which he was convicted arose out of the same occurrence, the latter is a lesser included offense of the former. " 'An indictment for robbery with firearms will support a conviction of a lesser offense such as common law robbery, assault with a deadly weapon, larceny from the person, simple larceny or simple assault if a verdict for the included or lesser offense is supported by the evidence on the trial. (Citations).' " *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970). The defendant, having been convicted of armed robbery, could not be convicted of· the lesser offense of assault with a deadly weapon where, as here, both offenses arose out of the same act or occurrence. The judgment on the verdict of guilty of assault with a deadly weapon should have been arrested.

The verdict of guilty of assault with a deadly weapon (No. 75CR0302) is set aside and the judgment arrested.

Armed robbery charge (No. 75CR0304)—no error.

Judges MORRIS and PARKER concur.