STATE OF NORTH CAROLINA v. RONNIE LEE ALLEN

No. 8027SC77

(Filed 1 July 1980)

1. **Robbery § 5.4– evidence of armed robbery – no instruction on lesser offenses required**

    The trial court in an armed robbery case was not required to instruct on lesser included offenses where the victims testified that the taking was by two men, one of whom had a gun which he pointed at them; although they expressed some uncertainty as to whether it was defendant or the other man who was armed, their testimony tended to show that the two men acted in concert; and according to the victims' testimony, defendant would be guilty of armed robbery even if it was the other man who held the gun.

2. **Robbery § 5.4– gun in front of pants – evidence of armed robbery – no instruction on lesser offenses required**

    Defendant's statement to a police officer who investigated the armed robbery in question did not show commission of a lesser included offense where, according to the statement, defendant and his brother decided to rob the operator of a grocery store, defendant armed himself with a loaded pistol to carry out the robbery, and he confronted his robbery victim with a pistol stuck in front of his pants and announced a stick up, since the fact that defendant left the pistol stuck in his belt or pants instead of pointing it directly at the victim did not lessen him implied threat to use it or the danger to the life of his victim, and no reasonable view of the evidence would have permitted a verdict other than guilty of armed robbery or not guilty.

State v. Allen

APPEAL by defendant from *Ferrell, Judge*. Judgment entered 18 October 1979 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 20 May 1980.

Defendant was tried for armed robbery.

Eunice Earl, age seventy, and her son, Marvin Earl, testified that they were working at a grocery store on 6 September 1979 when defendant and his brother, Levon Allen, entered. Defendant confronted Eunice Earl at the store counter and had a gun in his hand. He said "This is a stick up." He took money and certain other items from the cash register and store counter while Levon Allen took money and a billfold from Marvin Earl's pockets. On cross-examination, both witnesses expressed some uncertainty as to whether it was defendant or his brother who was at the store counter with the gun. Testimony from various officers tended to show that shortly after the robbery they pursued an automobile which Levon Allen was driving and in which defendant was a passenger. That automobile ran off the road and defendant and his brother were arrested. Certain cash, a gun which was identified by Marvin Earl as the robbery weapon and a billfold containing Marvin Earl's identification were found either in or near this automobile. Detective Hugh Buff testified that he took a statement from defendant, which he read into evidence.

Defendant testified in his own behalf. His testimony tended to show that he had nothing to do with the robbery. He stated that he and his brother stopped at a store but that he stayed in the car. He denied making the statement read by Detective Buff and said that it was not true.

Defendant was found guilty as charged. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Leslie A. Farfour, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]  The trial judge submitted two possible verdicts to the jury, guilty of armed robbery and not guilty. By his sole argument on appeal, defendant contends that the judge should have instructed on and submitted as possible verdicts the lesser included offenses of armed robbery.

The lesser included offenses of armed robbery include common law robbery, assault with a deadly weapon, larceny from the person, simple larceny and simple assault. *State v. Davis,* 242 N.C. 476, 87 S.E. 2d 906 (1955). In *State v. Hicks,* 241 N.C. 156, 159-60, 84 S.E. 2d 545, 547 (1954) (emphasis original), the following was stated.

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice.

The Earls testified that the taking was by two men, one of whom had a gun which he pointed at them. Although they expressed some uncertainty as to whether it was defendant or the other man who was armed, their testimony tended to show that the two men acted in concert and, according to their testimony, defendant would be guilty of armed robbery even if it was the other man who held the gun. The Earls' testimony did not require instructions on any lesser included offense. *See State v. Wilson,* 31 N.C. App. 323, 229 S.E. 2d 314 (1976).

[2]  On appeal, defendant points to the statement attributed to him by Detective Buff, which at trial he denied making, as showing a lesser included offense. The statement, offered in evidence by the State, tended to show that defendant and his brother drove up to the store and commented on a money bag. The brother asked defendant if he had left the pistol in the car and defendant said, "Yeah, let me get it in case." Defendant got

State v. Allen

the pistol and put it "down in front of [his] pants." They entered the store and the brother grabbed the man by the arm, and the man told the woman to come out from behind the store counter. Defendant then grabbed the money bag from under the counter. The statement concludes, "I, Ronnie, did not pull the gun out when Levon and I robbed the place. I don't have no reason for taking the gun to the store when Levon and I robbed it."

When considered along with other evidence for the State with which it does not conflict, defendant's own statement either proves armed robbery or it proves nothing. According to the statement, defendant and his brother decided to rob the operator of the store. Defendant armed himself with a loaded pistol to carry out the robbery. Defendant confronted his robbery victim with a pistol stuck in front of his pants and announced, "This is a stick up." His brother grabbed the male victim and defendant took the money. He had the pistol in case he needed it. This conduct constitutes armed robbery. In pertinent part, G.S. 14-87(a) provides:

> Any person ... who, having in possession or with the use or threatened use of any firearms ... whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another ... shall be guilty of a felony .... .

Threats may be expressed by nonverbal conduct as well as by words. That defendant left the pistol stuck in his belt or pants instead of pointing it directly at his victim did not lessen his implied threat to use it or the danger to the life of his victim had they not yielded. No reasonable view of the evidence would have permitted a verdict other than guilty as charged or not guilty.

No error.

Judges PARKER and HEDRICK concur.