STATE OF NORTH CAROLINA v. ALLEN MITCHELL OWENS

No. 844SC520

(Filed 19 March 1985)

**Robbery § 1— common law robbery—lesser degree of armed robbery**
>   Common law robbery is a lesser included offense of robbery with a
> dangerous weapon.

APPEAL by defendant from *Stevens, III, Judge.* Judgment entered 26 January 1984 in Superior Court, SAMPSON County. Heard in the Court of Appeals 6 February 1985.

Defendant was indicted and tried upon an indictment proper in form with robbery with a dangerous weapon. The Court submitted three possible verdicts to the jury: (1) guilty of robbery with a dangerous weapon, or (2) guilty of common law robbery, and (3) not guilty. The jury found the defendant guilty of common law robbery upon which the court imposed a sentence of eight years imprisonment. Defendant appeals.

Evidence adduced at trial tended to show the following: On 27 November 1983, at approximately 2 a.m., the defendant was in a club called the "B. W. Express." Also present were Bobby Matthis and Charles Cooper. Defendant and Matthis observed Cooper buying drinks for other club patrons and that Cooper possessed a large sum of money which he was flashing around. Defendant and Matthis began discussing a plan as to how they could take the money from Cooper. They concluded that they could get the money if they could entice Cooper outside. In furtherance of their scheme, defendant offered Cooper a ride home which Cooper accepted. When defendant, Matthis and Cooper went outside to leave, defendant told Cooper that the car was parked behind the building. When the three walked behind the building, Matthis struck Cooper on the head with a piece of firewood. Cooper was knocked unconscious for 15 to 20 minutes. Matthis took $70 to $200 from Cooper's wallet. Defendant and Matthis reentered the club where they split the money. When Cooper recovered, he went back inside the club and reported that he had been robbed of $200, a set of car keys, and a ski jacket.

In testifying on his own behalf, the defendant admitted that he was instrumental in getting Cooper to go outside. He also ad-

mitted that he knew that Cooper would be robbed once he left the club. However, defendant denied receiving any of the money.

*Attorney General Rufus Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James A. Wynn, Jr., for defendant.*

JOHNSON, Judge.

Defendant's sole contention on appeal is that common law robbery is not definitionally a lesser included offense of robbery with a dangerous weapon, therefore the court erred in submitting common law robbery as a possible verdict. We disagree.

Defendant was indicted under G.S. 14-87(a) which reads as follows:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets such person or persons in the commission of such crime, shall be guilty of a Class D felony.

Under the statute a defendant may be convicted of robbery with a dangerous weapon when it is charged that he *took* or *attempted* to take property from the person of another and that he did so by using or threatening to use a dangerous weapon. *State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978). On the other hand, however, common law robbery requires an *actual* taking of property with violence or intimidation. *State v. King*, 299 N.C. 707, 264 S.E. 2d 40 (1980).

Because common law robbery requires an *actual* taking of property, defendant argues that it is not definitionally a lesser included offense of robbery with a dangerous weapon which requires either an *actual* taking *or* an *attempted* taking of property. Although defendant acknowledges the precedent of cases holding

that common law robbery is a lesser included offense of robbery with a dangerous weapon, *see, e.g., State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed*, 402 U.S. 1006, 91 S.Ct. 2199, 29 L.Ed. 2d 428 (1971); *State v. Wenrich*, 251 N.C. 460, 111 S.E. 2d 582 (1959); *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550 (1955), defendant submits that *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982) redefined the test for determining what is a lesser included offense and that *Weaver*, therefore, requires this Court to hold that common law robbery is not a lesser included offense of robbery with a dangerous weapon.

In *Weaver*, the primary question was whether the offense of taking indecent liberties with a child under the age of sixteen, G.S. 14-202.1, is a lesser included offense of first degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1). In addressing this issue, the Court stated that the determination is made on a *definitional*, not a factual basis. The court then reiterated the well-established rule in this jurisdiction that:

> [w]hen a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment. Further, when there is some evidence supporting a lesser included offense, a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a verdict finding a defendant guilty of a higher degree of the same crime.

*Weaver, supra,* at 633-34, 295 S.E. 2d at 377.

The Weaver Court broke no new ground. It merely restated that a lesser included offense is one in which the greater offense contains all of the essential elements of the lesser offense. Thus, the traditional standard is applicable in the case at bar. Robbery with a dangerous weapon contains all of the essential elements of common law robbery. Thus, common law robbery is a lesser included offense. *State v. Swaney, supra; State v. Tarrant*, 70 N.C. App. 449, 320 S.E. 2d 291 (1984). Consequently, defendant's assignment of error is without merit.

In the trial of defendant's case, we find no error.

No error.

Chief Judge HEDRICK and Judge COZORT concur.