STATE OF NORTH CAROLINA v. WILLIE JAMES WHITE

No. 222A87

(Filed 30 June 1988)

**1. Constitutional Law § 34; Criminal Law § 26.8— mistrial for prosecutorial misconduct—when retrial barred**

Where the defendant moves for a mistrial because of prosecutorial misconduct, and the trial court grants the motion, retrial is not barred by the "law of the land" clause of Art. I, § 19 of the N. C. Constitution unless the defendant shows that the prosecutor was motivated by the intent to provoke a mistrial instead of merely the intent to prejudice the defendant. This is the same test established by *Oregon v. Kennedy*, 456 U.S. 667 (1982), for deter-

State v. White

mining whether retrial is barred under the double jeopardy provision of the federal constitution.

2. **Constitutional Law § 34; Criminal Law § 26.8— mistrial for prosecutorial misconduct—retrial not barred**

Retrial of defendant for armed robbery after the trial court granted defendant's motion for a mistrial because of prosecutorial misconduct in asking defendant an improper question on cross-examination was not barred by double jeopardy provisions in the federal constitution or by the law of the land clause in the state constitution where the record shows that it is highly unlikely that the prosecutor intended to provoke defendant into moving for a mistrial because the State's evidence against defendant was substantial; the prosecutor requested that the court give a limiting instruction rather than grant a mistrial; after granting defendant's motion, the court told the jury that the case would have to be tried again; and at a hearing to dismiss the indictment on the ground of double jeopardy, the prosecutor stated that based on the record "it would have been foolish on the part of the State to goad the Defendant to move for a mistrial."

3. **Larceny § 1; Robbery § 1.2— larceny as lesser included offense of armed robbery—reversion to former rule**

The Supreme Court reverts to its former rule that larceny is a lesser included offense of armed robbery and overrules the contrary decision of *State v. Hurst*, 320 N.C. 589, 359 S.E. 2d 776 (1987), in light of the legislative intent in enacting N.C.G.S. § 14-87, the longstanding and extensive case law interpreting this statutory section and establishing our former rule that larceny is a lesser included offense of armed robbery, and the natural relationship between armed robbery and larceny.

4. **Robbery § 5.4— armed robbery case—refusal to instruct on misdemeanor larceny**

The trial court in an armed robbery case erred in refusing to instruct the jury on the lesser included offense of misdemeanor larceny where defendant presented evidence that he drove off in the victim's car after the victim and a passenger jumped out and ran, and that he was not armed.

Justice WEBB dissenting.

Justices MEYER and MITCHELL join in this dissenting opinion.

APPEAL by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 85 N.C. App. 81, 354 S.E. 2d 324 (1987), which found prejudicial error in a trial by *Friday, J.*, at the 24 March 1986 regular term of Superior Criminal Court, MECKLENBURG County. On 7 July 1987 we allowed defendant's petition for discretionary review of the issue of whether the case should have been dismissed on double jeopardy grounds. Heard in the Supreme Court 10 November 1987.

*Lacy H. Thornburg, Attorney General, by G. Patrick Murphy, Assistant Attorney General, for the State.*

*Isabel Scott Day, Public Defender, by Marc D. Towler, Assistant Public Defender, for defendant-appellee.*

WHICHARD, Justice.

Defendant was charged with armed robbery. The initial trial began on 9 December 1985 before Judge Robert E. Gaines. Defense counsel moved for a mistrial after the prosecutor asked defendant on re-cross examination, "Isn't it true that on [the] assault on [a] female conviction you were originally tried on second degree rape?" The court granted the motion and admonished the prosecutor for asking the question.

Prior to retrial, defendant moved to dismiss the indictment on double jeopardy grounds, arguing that the prosecutor's intentional misconduct provoked the mistrial. On 17 March 1986, Judge Chase B. Saunders denied the motion, finding as a fact that "[b]ased upon [counsels' briefs, affidavits, the transcript of part of the trial proceeding] and arguments of counsel . . . the Assistant District Attorney did not intend to goad the defendant into moving for a mistrial so as to improve the chances of the State upon retrial for a conviction." The court concluded as a matter of law that

> assuming arguendo, the Assistant District Attorney acted in bad faith, a review of the record and affidavits fails to establish that the prosecutor's behavior in question was conducted so as to afford the prosecution a more favorable opportunity to convict the defendant, the record reflecting that there was ample evidence before the jury upon which a verdict favorable to the State could be returned.

On retrial, the State's evidence tended to show that in the early morning hours of 20 June 1985, Roberta Stitt was driving to a convenience store with Sheila Smith, her friend, in the passenger seat. When Stitt slowed down to round a sharp curve, defendant opened the door on the driver's side, put a gun to Stitt's head, and pulled her out of the car. Smith jumped out and ran. Defendant got in Stitt's car and drove off.

Defendant testified on his own behalf. He said that on the night in question Stitt agreed to give him a ride to Belmont. While in the car with Stitt and Smith, defendant gave Stitt $35.00 to buy him some cocaine. Stitt told him he would have to wait while she went to get the drugs, so he demanded the return of his money. Stitt became "hysterical" and refused to return the money. Defendant said, "Ya'll going to give me somethin' back, my money or somethin,'" and he reached toward the women in the front seat. Stitt and Smith jumped out of the car. Defendant got in the driver's seat and drove the car to Forest City. He hid some credit cards, which he found in the car, under a couch cushion in his girlfriend's home, and hid the car keys in a stove outside her home. He sold the car radio.

During the instructions conference, defendant asked the court to charge the jury on misdemeanor larceny. The court denied this request. The jury found defendant guilty of armed robbery, and the court sentenced him to fourteen years imprisonment.

On appeal, the Court of Appeals held that because misdemeanor larceny is a lesser included offense of armed robbery, the trial court erred in not charging the jury on misdemeanor larceny. *State v. White*, 85 N.C. App. 81, 354 S.E. 2d 324 (1987). It found no error in the denial of defendant's motion to dismiss on double jeopardy grounds. Judge Johnson concurred on the double jeopardy question, but dissented on the issue of whether misdemeanor larceny is a lesser included offense of armed robbery. He noted that he agreed with the majority's reasoning, but believed that he was compelled to dissent by prior decisions of this Court. *Id.* at 92-93, 354 S.E. 2d at 331-32.

The State appealed as a matter of right on the lesser included offense question. We allowed defendant's petition for discretionary review of the double jeopardy question. We now affirm the Court of Appeals on both issues.

I.

Defendant argues that retrial was barred by the double jeopardy/clauses of the federal and state constitutions. We disagree.

The Fifth and Fourteenth Amendments to the United States Constitution guarantee freedom from multiple prosecutions for

the same offense. *United States v. Dinitz*, 424 U.S. 600, 606 & n.8, 47 L.Ed. 2d 267, 273 & n.8 (1976). Reprosecution for the same offense is not usually barred, however, when a trial terminates in a mistrial with the consent of the defendant or upon the defendant's motion, even if that motion is motivated by prosecutorial error.

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *United States v. Scott*, 437 U.S. 82, 93, [57 L.Ed. 2d 65, 76] (1978). . . . Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

> . . . Knowing that the granting of the defendant's motion . . . would all but inevitably bring with it an attempt to bar a second trial on grounds of double jeopardy, the judge presiding over the first trial might well be more loath to grant a defendant's motion for mistrial.

*Oregon v. Kennedy*, 456 U.S. 667, 675-76, 72 L.Ed. 2d 416, 424-25 (1982). In deciding whether Judge Saunders properly denied defendant's motion to dismiss on federal constitutional grounds, we must apply the above standard.

Article I, Section 19 of the North Carolina Constitution, the "law of the land" clause, prohibits reprosecution for the same offense. *State v. Cameron*, 283 N.C. 191, 197, 195 S.E. 2d 481, 485 (1973); *State v. Ballard*, 280 N.C. 479, 482, 186 S.E. 2d 372, 373 (1972). Under North Carolina law, as under federal law, however, an order of mistrial usually does not bar retrial if the mistrial is entered upon the defendant's motion. *State v. Britt*, 291 N.C. 528, 543, 231 S.E. 2d 644, 654 (1977). The Court of Appeals believed that, in determining defendant's right not to be tried a second time, the test required by the state constitution should be broader than that required by the federal constitution. It believed

that the appropriate test was that stated in the concurring opinion in *Kennedy* and that retrial of a case ending in mistrial upon the defendant's motion should be barred where "bad faith prosecutorial overreaching or harassment aimed at prejudicing the defendant's chances for acquittal . . . 'has rendered unmeaningful the defendant's choice to continue or to abort the proceeding.' " *State v. White*, 85 N.C. App. at 88, 354 S.E. 2d at 329 (quoting *Oregon v. Kennedy*, 456 U.S. at 689, 72 L.Ed. 2d at 433 (Stevens, J., concurring) ).

[1] We adopt, instead, as the test for determining under our state constitution whether a case may be retried after the court grants a defendant's motion for a mistrial, the test stated in the majority opinion in *Kennedy*. If a defendant moves for a mistrial, he or she normally should be held to have waived the right not to be tried a second time for the same offense. Where the defendant makes such a motion because of prosecutorial misconduct, and the court grants the motion, retrial is not barred by Article I, Section 19 unless the defendant shows that the prosecutor was motivated by the intent to provoke a mistrial instead of merely the intent to prejudice the defendant. We agree with the majority in *Kennedy* that the prosecutorial intent standard is fairer and easier to apply than an overreaching or harassment standard. We also agree that a trial court might be more reluctant to grant a mistrial based on prosecutorial overreaching or harassment if it knows that to do so will lead to a plea of former jeopardy.

[2] Applying that test here, we conclude that the trial court did not err in denying defendant's motion to dismiss on grounds of double jeopardy. Judge Gaines did not make findings of fact when he granted defendant's motion for mistrial. At the hearing before Judge Saunders, defendant presented a portion of the transcript of the first trial and affidavits by the assistant appellate defender who then represented him. Judge Saunders found as a fact, based upon the affidavits and transcript, that the prosecutor did not intend to goad defendant into moving for a mistrial. The record suffices to permit appellate review of whether this refusal to dismiss the case against defendant was proper.

During the first trial, the prosecutor asked the improper question on re-cross examination of defendant. At that time, the State's evidence against defendant was substantial. Roberta Stitt

and Sheila Smith had testified that: Stitt was driving her car with Smith in the passenger seat; defendant opened a car door, put a gun to Stitt's head, and pulled her out; Smith jumped out, and defendant drove off in the car. In light of the State's strong case against defendant, it is highly unlikely that the prosecutor intended to provoke defendant into moving for a mistrial.

The record contains still further support for this conclusion. First, the prosecutor requested that the court give a limiting instruction rather than grant a mistrial. Second, after granting defendant's motion, the court told the jury that the case would have to be tried again. Finally, in the hearing before Judge Saunders, the prosecutor stated that based on the record "it would have been foolish on the part of the State to goad the Defendant to move for a mistrial."

We hold that the record supports Judge Saunders' conclusion that retrial was not barred by double jeopardy provisions in the federal constitution or by the "law of the land" clause in the state constitution, and that it was not error to deny defendant's motion.

## II.

The State contends that the Court of Appeals was incorrect in holding that the trial court erred in refusing to charge the jury on misdemeanor larceny. We again disagree.

We have held that "[a] trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense." *State v. Rhinehart*, 322 N.C. 53, 59, 366 S.E. 2d 429, 432 (1988) (quoting *State v. Boykin*, 310 N.C. 118, 121, 310 S.E. 2d 315, 317 (1984)). Therefore, if misdemeanor larceny is a lesser included offense of armed robbery, and if there is evidence from which the jury could find that defendant committed misdemeanor larceny, the court should have instructed thereon.

For many years, the law in North Carolina was that larceny was a lesser included offense of armed robbery. This Court has repeatedly held that

> [i]n a prosecution for robbery with a firearm, an accused may be acquitted of the major charge and convicted of an included

or lesser offense, such as common-law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial.

*State v. Black*, 286 N.C. 191, 194, 209 S.E. 2d 458, 460-61 (1974); *see also State v. Owens*, 277 N.C. 697, 178 S.E. 2d 442 (1971); *State v. Conrad*, 275 N.C. 342, 168 S.E. 2d 39 (1969); *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968); *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496 (1964); *State v. Weinrich*, 251 N.C. 460, 111 S.E. 2d 582 (1959); *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550 (1955); *State v. Davis*, 242 N.C. 476, 87 S.E. 2d 906 (1955); *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834 (1948); *State v. Chapman*, 49 N.C. App. 103, 270 S.E. 2d 524 (1980); *State v. Allen*, 47 N.C. App. 482, 267 S.E. 2d 514 (1980); *State v. Fletcher*, 27 N.C. App. 672, 220 S.E. 2d 101 (1975); *State v. Faulkner*, 5 N.C. App. 113, 168 S.E. 2d 9 (1969). Only recently have we held that felonious larceny is not a lesser included offense of armed robbery. *State v. Hurst*, 320 N.C. 589, 359 S.E. 2d 776 (1987).

In *Hurst*, the Court was faced with the question of "whether [a] defendant . . . may be convicted and sentenced for both armed robbery and felonious larceny when both charges are based on the same incident." *Id.* at 590, 359 S.E. 2d at 777. The Court held that because felonious larceny was not a lesser included offense of armed robbery, a defendant could be convicted of, and sentenced for, both crimes. It reached this result by strictly applying the definitional test of what constitutes a lesser included offense:

When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment. Further, when there is some evidence supporting a lesser included offense, a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a verdict finding a defendant guilty of a higher degree of the same crime.

*State v. Weaver*, 306 N.C. 629, 633-34, 295 S.E. 2d 375, 377 (1982) (quoting *State v. Banks*, 295 N.C. 399, 415-16, 245 S.E. 2d 743, 754

(1978), quoting *State v. Bell*, 284 N.C. 416, 419, 200 S.E. 2d 601, 603 (1973) ). Applying this test to the facts in *Hurst*, the Court held that felonious larceny was not a lesser included offense of armed robbery for two reasons: first, because an attempt to take property does not satisfy the taking element of larceny; and second, because proof of the elements of armed robbery need not include proof that the goods taken are worth more than $400. *Hurst*, 320 N.C. at 592-93, 359 S.E. 2d at 778.

[3] With the issue of whether misdemeanor larceny is a lesser included offense of armed robbery before us now, we have re-examined our decision in *Hurst*. In light of the legislative intent in enacting N.C.G.S. § 14-87, the long-standing and extensive case law interpreting this statutory section and establishing our former rule that larceny is a lesser included offense of armed robbery, and the natural relationship between armed robbery and larceny, we hold that larceny is a lesser included offense of armed robbery, and we overrule *State v. Hurst*.

First, N.C.G.S. § 14-87, captioned "Robbery with firearms or other dangerous weapons," reads in part:

> (a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C.G.S. § 14-87(a) (1986). This statute was originally enacted in 1929 after several bank robberies, in one of which police officers arrived in time to prevent an actual taking but after a bank employee was seriously wounded by gunfire. *State v. Parker*, 262 N.C. 679, 682, 138 S.E. 2d 496, 499 (1964). The purpose of the statute was to increase the punishment for common law robbery when firearms or other dangerous weapons were used to commit a robbery, whether or not the robber succeeded in the effort to take personal property. *State v. Gibbons*, 303 N.C. 484, 490, 279 S.E. 2d 574, 578 (1981); *State v. Jones*, 227 N.C. 402, 405, 42 S.E.

2d 465, 467 (1947). The statute's thrust was not to redefine robbery by eliminating the element of a taking from the offense, but rather to provide that an attempted taking with a dangerous weapon be punished as severely as a completed taking under the same circumstances, and that both be punished more severely than forceful takings committed without dangerous weapons. *See State v. Gibbons*, 303 N.C. 484, 279 S.E. 2d 574; *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550 (1955).

Second, in light of the statute's historical purpose, this Court, until recently, acknowledged that although actual and attempted takings in the context of an armed robbery resulted in violations of the same statute, giving rise to equal punishments, actual and attempted takings were different crimes comprised of different elements.

Under G.S. 14-87, an *armed robbery* is defined as the taking of the personal property of another in his presence or from his person without his consent by endangering or threatening his life with a firearm, with the taker knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property. An *attempted armed robbery* occurs when a defendant "with the requisite intent to rob, does some overt act calculated and designed to bring about the robbery, thereby endangering or threatening the life of a person." By the terms of G.S. 14-87, the offense is complete if there is an attempt to take personal property by use of firearms or other dangerous weapons. *The attempt itself is a violation of the statute and is a felony.*

*State v. May*, 292 N.C. 644, 649, 235 S.E. 2d 178, 182, *cert. denied*, 434 U.S. 928, 54 L.Ed. 2d 288 (1977) (emphasis added) (citations omitted); *see also State v. Allison*, 319 N.C. 92, 352 S.E. 2d 420 (1987) (defines attempted armed robbery); *State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983) (defines armed robbery); *State v. Davis*, 301 N.C. 394, 271 S.E. 2d 263 (1980) (defines armed robbery). Attempted armed robbery, although defined in N.C.G.S. § 14-87 along with armed robbery, is clearly a separate offense.

One of the elements of an attempt to commit a crime is that defendant have the intent to commit the substantive offense. An attempted robbery with a dangerous weapon occurs when a person, with the specific intent to unlawfully deprive

another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result.

*State v. Allison*, 319 N.C. at 96, 352 S.E. 2d at 423 (citations omitted).

As separate crimes, armed robbery and attempted armed robbery each include certain lesser offenses. We have acknowledged the distinction between the lesser included offenses for armed robbery and those for attempted armed robbery. In *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550, we held that common law robbery is a lesser offense of armed robbery but not of attempted armed robbery, and that attempted common law robbery is a lesser offense of attempted armed robbery. *Id.* at 264, 90 S.E. 2d at 551-52; *see also State v. Joyner*, 312 N.C. 779, 784, 324 S.E. 2d 841, 846 (1985) (common law robbery is a lesser included offense of armed robbery); *State v. Owens*, 73 N.C. App. 631, 327 S.E. 2d 42, *disc. rev. denied*, 314 N.C. 120, 332 S.E. 2d 488 (1985) (common law robbery is a lesser included offense of armed robbery).

Prior to *Hurst*, we often acknowledged that larceny is a lesser included offense of armed robbery. *See, e.g., State v. Black*, 286 N.C. 191, 209 S.E. 2d 458. *Hurst*, however, holds that because armed robbery does not contain all of the essential elements of larceny, larceny cannot be a lesser included offense of armed robbery.

We now reject the rationale in *Hurst* that attempt, which will not satisfy the taking requirement for larceny, is an essential element of armed robbery. N.C.G.S. § 14-87(a) defines two crimes: armed robbery, which requires an actual taking, and attempted armed robbery, which requires an attempted taking. An attempted taking is not, therefore, an essential element of armed robbery.

Third, there is a special relationship between armed robbery and larceny. Both crimes involve an unlawful and willful taking of another's personal property. We have said that armed robbery is an aggravated form of larceny. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966); *State v. Lawrence*, 262 N.C. 162, 167, 136 S.E. 2d 595, 599 (1964).

In *Hurst*, the Court relied on three recent cases which contain language indicating that, for the purpose of resolving double jeopardy issues, larceny is not a lesser included offense of armed robbery. *See State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984); *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982); *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). All three of these decisions can, however, be upheld under our former rule that larceny is a lesser included offense of armed robbery. *See State v. Hurst*, 320 N.C. at 594-95, 359 S.E. 2d at 779-80 (Frye, J., dissenting). Both *Revelle* and *Murray* involved two separate takings, not one as in *Hurst* and the present case. Thus, convictions for both larceny and armed robbery could have been sustained without altering the traditional relationship between the two. *See id.* at 595, 359 S.E. 2d at 779-80. In *Beaty*, the language suggesting that larceny is not a lesser included offense of armed robbery was unnecessary to resolve the case. The issue was neither briefed nor argued; thus, the language amounted to dictum.

The dissenting opinion suggests that we are destroying a legal principle established for "a good reason" by refusing to adhere to the *Weaver* definitional test. It fails to acknowledge, however, that the definitional test existed before *Weaver—see State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978); *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973); *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970)—and that even after the decisions in *Riera*, *Bell* and *Banks*, this Court continued to recognize larceny as a lesser included offense of armed robbery. *See, e.g., State v. Black*, 286 N.C. 191, 209 N.C. 458. In holding, therefore, that the *Weaver* test is not applicable in this context, we are merely returning to our prior interpretation of the relationship between the definitional test and the crimes of armed robbery and larceny.[1]

---

1. We also reaffirm our prior holdings that common law robbery is a lesser included offense of armed robbery, *State v. Joyner*, 312 N.C. 779, 324 S.E. 2d 841 (1985), and that larceny is a lesser included offense of common law robbery. *State v. Young*, 305 N.C. 391, 289 S.E. 2d 374 (1982). In *Young*, a case dealing solely with the question of whether the trial court erred in submitting the crime of larceny from the person as a lesser included offense of common law robbery, the crime charged, we stated the following:

> [W]e reaffirm today an established line of precedent in our state and hold that a defendant, who has been formally charged with common law robbery, may be convicted of the "lesser included" offense of larceny from the person pursuant to G.S. 15-170 upon proper instructions to the jury by the trial court.

*Id.* at 393, 289 S.E. 2d at 376 (1982).

This decision is hardly novel or revolutionary. Rather, the Court merely reverts — following a brief aberrative period — to a well established principle of law, thoroughly familiar to generations of lawyers and jurists. Nothing in our above-cited cases or the treatises — see, *e.g.*, 67 Am. Jur. *Robbery* § 9 (1985); 42 C.J.S. *Indictments and Information* §§ 283, 293 (1944) — indicates that this long-standing principle has proven inscrutable or unworkable. When a defendant is charged with armed robbery, the evidence at trial quite commonly either requires or allows reasonable jurors to find the accused guilty of the lesser offense of larceny. The worthy goals of economy, efficiency, accuracy and fairness in judicial proceedings are furthered by placing all options raised by the indictment and the evidence before the same jury in a single trial.

[4] For the foregoing reasons, we conclude that larceny is a lesser included offense of armed robbery. The State's evidence here tends to show that defendant committed armed robbery. Defendant's version of the events, however, supports the offense of misdemeanor larceny. He claims that he drove off in Stitt's car after she and Smith jumped out and ran, and that he was not armed. To convict of larceny, there must be proof that defendant

(a) took the property of another;

(b) carried it away;

(c) without the owner's consent; and

(d) with the intent to deprive the owner of his property permanently.

*State v. Perry*, 305 N.C. at 233, 287 S.E. 2d at 815. Because defendant's version of the evidence supported an instruction on the lesser included offense of misdemeanor larceny, the court was required to instruct thereon.

Insofar as *State v. Hurst*, 320 N.C. 589, 359 S.E. 2d 776, is inconsistent with this opinion, it is overruled. The language in *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523; *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760; and *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476, which indicates that larceny is not a lesser included offense of armed robbery, is disapproved.

For the foregoing reasons, we affirm the decision of the Court of Appeals. The case is remanded to that court for further

remand to the Superior Court, Mecklenburg County, for a new trial.

Affirmed.

Justice WEBB dissenting.

I dissent. In overruling *State v. Hurst*, 320 N.C. 589, 359 S.E. 2d 776 (1987), this Court has reversed itself on a question it decided less than one year previously. In order to accomplish this result, this Court has not adopted the rationale of the dissent in *Hurst* but has adopted a new theory for application in this case. The dissent in *Hurst* was based on the premise that the General Assembly did not intend a defendant to be punished for armed robbery and larceny for a single taking from a single victim at one time. In this case the majority has concluded that larceny is a lesser included offense of armed robbery. This reversal of itself at the first opportunity, with the application of a principle which not one member of the Court felt was applicable last year, can hardly add to the stability or confidence in our law.

I believe there are stronger reasons why the majority is wrong. We have held that when a crime for which the defendant is charged contains all the essential elements of another crime, all of which could be proved by proof of the allegations in the indictment, the second crime is a lesser included offense of the first crime. *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982). This is a definition which was developed in our common law and is not a legislative creation. The majority has refused to analyze this rule in deciding this case. Indeed they cannot because it leads to the conclusion that larceny is not a lesser included offense of armed robbery. Asportation is an element of larceny, *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982), and is not an element of armed robbery. N.C.G.S. § 14-87(a) (1986). One type of felony larceny requires that the property stolen have a value exceeding $400, N.C.G.S. § 14-72(a), while the value of the property stolen is not an element of armed robbery. N.C.G.S. § 14-87(a) (1986). Under the only test we have had until today for what determines a lesser included offense, larceny is not a lesser included offense of armed robbery.

Rather than apply the principle we have always held should be used in determining what is a lesser included offense, the majority simply says, "[i]n light of the legislative intent in enacting N.C.G.S. § 14-87, the long-standing and extensive case law interpreting this statutory section and establishing our former rule that larceny is a lesser included offense of armed robbery, and the natural relationship between armed robbery and larceny, we hold that larceny is a lesser included offense of armed robbery." I do not believe there is validity to any of the propositions which the majority advances to justify its overruling of *Hurst, State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984); *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982) and *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). If there were validity to them, I do not believe they are sufficient reasons to support the majority's conclusion.

In support of the proposition that the legislative intent in enacting N.C.G.S. § 14-87(a) was that larceny should be a lesser included offense of armed robbery, the majority goes to some length to establish the legislative history of the act. Nowhere do they tell us why the history of the statute shows the legislative intent was that larceny be a lesser included offense of armed robbery. The fact that the legislative intent was that an attempted taking should be punished as severely as a taking does not help the majority to its conclusion. Whatever the intent of the legislature, it is the courts which must determine what is a lesser included offense.

In support of its proposition that extensive case law has established that larceny is a lesser included offense of armed robbery, the majority says, "[f]or many years, the law in North Carolina was that larceny was a lesser included offense of armed robbery," *quoting State v. Black*, 286 N.C. 191, 194, 209 S.E. 2d 458, 460-61 (1974), and citing several other cases. The quotation from *Black* is dictum. In most of the other cases cited by the majority, the statement that larceny is a lesser included offense of armed robbery is dictum and more significantly in none of the cases does this Court analyze the principles of lesser included offenses as was done in *Murray, Beaty, Revelle* and *Hurst*. I believe we should follow the cases that have taken into account the principles that govern this case. It is true, as the majority says, that *Murray, Beaty* and *Revelle* could have been resolved without

relying on the lesser included offense analysis. This analysis was used in these cases, however, and in *Murray* this was the rationale for deciding the case. We have now overruled the only cases which have discussed the principles of lesser included offenses as the law has developed in North Carolina.

In support of the proposition that there is a natural or special relationship between armed robbery and larceny, the majority says that both crimes involve an unlawful and willful taking of another person's property and we have said armed robbery is an aggravated form of larceny. There are many crimes which are somewhat similar to other crimes. If we are to use as a test that such a relationship makes one of the crimes a lesser included offense of the other, we are on a difficult path. It will be difficult indeed for the bench and bar to know they cannot rely on a well-defined principle in determining what is a lesser included offense. Instead, they must discern whether this Court might determine that a special relationship exists between the two crimes, in which case the rule does not apply.

A lesser included offense is not something a court should define as it wants to do. Lesser included offenses have been defined by following established principles. One reason for the rule is that it is fundamentally unfair to punish a defendant for both offenses when he has been convicted of the greater, unless the legislature evinces a clear intent to the contrary. One method we have for providing impartiality in the law is to follow legal principles. I believe it is a mistake not to do so now.

I also believe the majority is mistaken in saying N.C.G.S. § 14-87(a) defines two crimes, armed robbery and attempted armed robbery. I believe there is one crime of armed robbery with alternate elements, a taking or an attempted taking. If we say, as the majority implicitly does, that N.C.G.S. § 14-87(a) defines a crime of attempted armed robbery, we run head-on into the traditional definition of an attempted crime. An attempted crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission. *State v. McNeely*, 244 N.C. 737, 94 S.E. 2d 853 (1956); *State v. Bailey*, 4 N.C. App. 407, 167 S.E. 2d 24 (1969). If there is now to be the crime of attempted armed robbery, which requires proof of the elements defined in N.C.G.S. § 14-87(a), and

the State cannot prove all these elements but can prove a person has done some act with the intent to commit the crime, it could not be attempted armed robbery. That name has been reserved. I suppose it would be attempted attempted armed robbery. If the majority wants to name the new crime they say is defined by N.C.G.S. § 14-87(a), I believe for semantic reasons it should not be called attempted armed robbery.

In deciding this case as we have, I believe we have unnecessarily complicated the law and made it more difficult to apply. In every case of armed robbery which will now be tried, the court must determine if larceny must be submitted to the jury with the risk of a new trial if an appellate court says the decision is wrong. There are different elements of the two crimes and if the State wants larceny submitted as a lesser included offense, I presume it will have to offer evidence of value and asportation in addition to proof of the elements of armed robbery. I believe it is a mistake to require evidence which is irrelevant to the crime for which the defendant is charged. How to charge on a lesser included offense which contains elements different from the greater offense will be difficult but we can leave that for another day.

I believe the principle which the majority declines to follow is a good one. I regret we have not followed it in this case.

Justices MEYER and MITCHELL join in this dissenting opinion.