An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-663

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.                                     Wake County
                                       No. 11 CRS 228136
BERVIN LAQUINT BROOKS


Appeal by Defendant from judgment entered 16 January 2013 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Court of Appeals 19 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Lisa Bradley, for the State.*
>
> *Irving Joyner for Defendant.*

McGEE, Judge.

The State's evidence tended to show that on 17 November 2011, Tahsin Haopshy ("Haopshy") was working as a Loss Prevention Officer at the Rugged Warehouse, a retail clothing store in Raleigh ("the store"). At approximately 2:25 p.m., while monitoring the store's security cameras, Haopshy noticed a man, later identified as Bervin Laquint Brooks ("Defendant"), in the ladies' department carrying several girls' skirts, and a

men's jacket. Haopshy observed Defendant push the skirts down the front of his pants while attempting to use the jacket to cover his actions.

In order to confront Defendant, Haopshy left the cameras and saw Defendant leaving the store. Haopshy followed Defendant from the store into the parking lot where he approached Defendant and said: "Sir, I am with loss prevention for the store; I need you to stop and talk about the merchandise you have down your pants." Defendant did not respond, so Haopshy called out again. Defendant then turned toward Haopshy and held an electric stun device threateningly in the direction of Haopshy, who was about three feet from Defendant and moving toward Defendant. Haopshy then heard "the sound of electricity crackling" and saw "an arc" when the stun device was activated. Haopshy testified that Defendant repeated: "Back off, back away," as Defendant pointed the stun device at Haopshy "and lunged towards [him] with it." Haopshy testified: "I backed off[,]" and Defendant "took off to his car." Haopshy noted the make and model of the vehicle in which Defendant drove away, and noted that the vehicle had a temporary North Carolina tag.

Defendant was subsequently arrested and identified as the man in the surveillance videos, and as the man Haopshy had confronted in the parking lot. Defendant was indicted for

common law robbery on 20 February 2012 and, following a jury trial, was found guilty on 16 January 2013. Defendant was sentenced to an active sentence of twelve to fifteen months. Defendant appeals.

## I.

In Defendant's first argument, he contends the trial court erred by refusing to dismiss the charge of common law robbery at the close of all the evidence. We disagree.

The standard the trial court applies when a defendant moves to dismiss a charge is as follows:

> "When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." "Whether the evidence presented constitutes substantial evidence is a question of law for the trial court." Evidence is deemed "substantial" if the evidence is "existing and real, not just seeming or imaginary." In reviewing

> > "the sufficiency of circumstantial evidence, the question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty."

In making its determination, the trial court

> must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.

*State v. Rose*, 339 N.C. 172, 192-93, 451 S.E.2d 211, 222-23 (1994) (citations omitted). We review *de novo* the trial court's ruling on a motion to dismiss. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). Robbery is a common law offense, which is generally described as: "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Smith*, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982) (citations omitted).

## A.

Defendant first argues that the indictment was fatally defective. Defendant contends that the indictment failed to properly allege the owner of the personal property – the skirts – that Defendant was charged with taking. The challenged indictment reads as follows:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 17th day of November 2011, in Wake County, the defendant named above [did] unlawfully, willfully, and feloniously steal, take and carry away, three female skirts, having a value of $27.97 in US currency, from the person and presence of Tahsin Haopshy by means of an assault upon him consisting of the forcible and violent taking of the property. This

was done in violation of N.C.G.S. § 14-87.1. Defendant argues that, because larceny is a lesser included offense of common law robbery and a larceny indictment must allege the owner of the stolen property, this indictment for common law robbery, which does not state the owner of the skirts, is fatally defective. Though Defendant is correct in stating that larceny is a lesser included offense of common law robbery, *State v. White*, 322 N.C. 506, 514, 369 S.E.2d 813, 817 (1988), and that the general rule is that a greater offense must have all the essential elements of a lesser included offense, *Id.* at 513-14, 369 S.E.2d at 816-17, our Supreme Court has decided that this requirement does not apply for larceny and common law robbery. *Id.* at 517, 369 S.E.2d at 819, *see also Id.* at 519, 369 S.E.2d at 820 (Justice Webb dissenting).

Concerning indictments for common law robbery, our Supreme court has held that

> it is not necessary that ownership of the property be laid in a particular person in order to allege and prove . . . robbery. The gist of the offense of robbery is the taking by force or putting in fear. An indictment for robbery will not fail if the description of the property is sufficient to show it to be the subject of robbery and negates the idea that the accused was taking his own property.

*State v. Spillars*, 280 N.C. 341, 345, 185 S.E.2d 881, 884 (1972) (citations omitted). Defendant's indictment for common law

robbery was not defective because it failed to properly identify the owner of the property, and the trial court did not err in refusing to dismiss the common law robbery charge.

B.

Defendant further argues that there was not sufficient evidence presented at trial that "Haopshy was ever placed in fear and apprehension or was, otherwise, the victim of a forcible and violent taking of the property[.]" The evidence at trial, taken in the light most favorable to the State, showed that, after observing Defendant conceal skirts belonging to the store in Defendant's pants, Haopshy followed Defendant out to the parking lot. Haopshy confronted Defendant about the stolen merchandise concealed in Defendant's pants, and Defendant "turned around and pulled a device out of his pocket, out of his hoody pocket, and pointed it at [Haopshy]." Haopshy heard the device crackle and saw electricity arcing from the end of the device and recognized it as a stun device. Haopshy testified that Defendant said: "Back off." Haopshy further testified that Defendant "just repeated that same thing, [b]ack off, back away, as he pointed this device at me and lunged towards me with it." Haopshy retreated and Defendant "took off" to his car with the stolen merchandise.

We hold that this evidence was sufficient to show the non-consensual taking of personal property from the presence of another by means of fear. *Smith*, 305 N.C. at 700, 292 S.E.2d at 270. The fact that the use of the stun device occurred after Defendant took the merchandise from the store is of no moment on these facts. *See State v. Gaither*, 161 N.C. App. 96, 100, 587 S.E.2d 505, 508 (2003) (citations omitted) ("A defendant's threatened use of his gun is deemed concomitant with and inseparable from his robbery attempt where the evidence shows that (1) the gun was used to facilitate the defendant's escape, and (2) the taking of property coupled with the escape constitutes one continuous transaction. This standard applies even if there is no evidence that defendant used force or intimidation before the taking of property."). Defendant's first argument is without merit.

## II.

In Defendant's second argument, he contends the trial court improperly charged the jury on the crime of common law robbery. We disagree.

Defendant contends the trial court improperly attempted to correct a fatal deficiency in the indictment by instructing the jury that, in order to convict on common law robbery, the jury must find that Defendant "carried away property of [the store]"

when the indictment fatally failed to identify to whom the property belonged. Defendant's argument is predicated on his erroneous contention that establishing ownership of the property taken was an essential element of common law robbery. Because identifying the owner of the property was not an element of the charge of common law robbery, Defendant's second argument fails.

## III.

In Defendant's final argument, he contends the trial court erred by instructing the jury on flight. We disagree.

As Defendant acknowledges, "jury instructions relating to the issue of flight are proper as long as there is 'some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.'" *State v. Allen*, 346 N.C. 731, 741, 488 S.E.2d 188, 193 (1997) (citations omitted). According to Haopshy, after Defendant threatened him with the stun device, causing Haopshy to retreat, Defendant "took off to his car" and drove away. We hold this testimony constituted "'some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.'" *Id*. As our Supreme Court has noted, "'[m]ere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be

some evidence that defendant took steps to avoid apprehension.'" *State v. Lloyd*, 354 N.C. 76, 119, 552 S.E.2d 596, 625-26 (2001) (citation omitted). Defendant's use of a stun device to prevent Haopshy from detaining him satisfies this requirement. Defendant's final argument is without merit.

No error.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).